We are going to go on to the very last case of the day. Oh my, Appeal 1721-16, Alvaro Cortina-Chavez v. Sessions. Hello. Good afternoon, your honors. May it please the court. My name is Daniel Toman. I represent the petitioner, Alvaro Cortina-Chavez. Petitioner appealed following the Board of Immigration Appeals' denial of his motion to reconsider a previous decision by the board summarily dismissing his appeal. And on appeal before this court, petitioner raises primarily three issues for review. The first is whether the board improperly denied his motion to reconsider. The second is whether the board improperly failed to assign his motion to reconsider to a three-member panel of judges. And the third is whether the board improperly failed to invoke its sua sponte authority to reconsider in light of petitioner's request. Why was no brief timely filed in the appeal to the BIA? As far as I can tell from the record, there's no explanation for the failure. Your honor, it was a mailroom issue which I didn't catch at the time. Regarding the improper denial of reconsideration, the board does have great discretion in whether or not to reconsider a decision. The board should reconsider when there is an issue of material fact or an issue of law that is raised in the earlier decision. See, the petitioner has never argued that the board erred in summarily dismissing his appeal for failure to file a brief. So my two-part question is, first, whether that is a waiver of that issue, and second, whether that alone is sufficient reason to dismiss the petition for summary dismissal of an appeal. It is 8 CFR 1003.1 D2A and D2E. D2A refers to the specificity with which an appealing party notifies the board and the government about what their issues are on appeal. And subpart E is the one that just gives them authority that they may dismiss all or part of an appeal based on a failure to file a brief when it's been indicated that one would be So at the outset, yes, your honor is correct, as is the government, that the subpart E authority of the board was not addressed below, and that may constitute a waiver. And if that does, however, we still have remaining issues regarding the rest of the other issues of how the motion itself, the reconsideration motion, how that was handled, because there are some procedural issues there as regarding the two provisions for summary dismissal, it's worth noting that if subpart A was improperly invoked, they sort of go together. And if the board incorrectly found that the issues had not been stated with sufficient specificity, then that kind of calls into question the reason that they would then decide to go ahead and dismiss it for failure to file a brief, and that's a potential abuse of discretion. But regarding the posture of that issue before this court, your honor is correct, that that was not pursued below. So whether that was a, that's one of the main issues, I guess, right now in our position is, of course, that the claims on appeal to the board were sufficiently identified in the notice of appeal. And as evidence of that, we point to the fact that the government did file a thorough response addressing all of those issues. The issues are generally things that are identifiable, and yes, they could have been better developed when the motion stated that perhaps it was insufficient to effectively present these claims. That was not intended to mean in effect. It's a matter of effectiveness. That is not the best way to present those issues. But they were sufficiently communicated, and that's exactly what the next line of the motion states. The board, however, took that effectively communicated as some sort of concession that it was appropriate for them to invoke the authority under subpart A of that regulation, and we think that's incorrect. Additionally, another issue that was raised at the board for reconsideration was that the appeal itself was not referred to a three-member panel where we had identified bases under the regulation, which would have made it appropriate for the case to be referred. Had the case been referred, perhaps the summary dismissal provisions would not have applied because the streamlining regulations as a whole would not come into play had the board actually referred the case to a three-member panel. What law required that here? It doesn't require it, Your Honor, but the regulation that sets forth three-member review identifies the provisions or the reasons, the situations where it can be appropriate for the individual board member doing the initial review to then assign the case to a three-member panel. Why would that entitle you to relief? Your Honor, because, well, again, if that had actually if that had actually been done. But if you had no entitlement to it, so there's no legal error in deciding this by a one-judge panel. Your Honor, the legal error that we allege is in the way that the board's decision is how they address that issue. In that particular case, I believe they hadn't addressed it in the initial decision in the summary dismissal. And later with the motion to reconsider, sort of tying into the third issue, they dismiss it with a passing line that states that we did not establish that it was warranted. So while it is within their discretion. What what law requires a more robust explanation? Your Honor, generally when the agency issues a decision, it must do so in terms that allow a review in court to understand why it made the decision that it did. And in this case. But not if it's obvious on the face? Yes, Your Honor, but in this case it's not obvious on the face. And the reason for that is that we don't know if the board made a legal determination that none of those conditions that allow three-member review was present or if they agreed that it was present, as argued, and just simply chose not to exercise that authority. So that potentially is a legal issue if the board incorrectly believed that, for example, this was not challenging a question of another precedent. This was not an IJ, an immigration judge, acting in contravention to applicable law precedents. So one thing we need to know is that the board actually understand that that had taken place and then decide not to refer it? Or did they incorrectly believe that that issue had not been implicated at all? But you filed no brief. So the board had nothing to evaluate. Understand. Other than a bare-bones cursory notice of appeal. You're saying? Yes, Your Honor. However, in vague terms, what was being challenged? Yes, Your Honor. The notice of appeal did, however, identify the provisions in one of the introductory paragraphs about why three-member panel review was appropriate and requested. Right, but if you don't file a brief to explain it, then you're going to get a summary one-judge decision. And that's what happened in this case, but I believe that the issue... Nothing entitles you to more if you don't file a brief explaining your entitlement to three members. Yes, Your Honor. Where that issue still comes into play, though, is in the denial of the motion to reconsider itself. Because in that case, the motion did make the explicit request and also identified the regulation which authorized three-member review. And it's actually in that second, in the denial of the motion, which is really the subject of this petition, that's where the board did not say whether they agree that... Because you made no case for it. For reconsideration, Your Honor? You made no case for a three-judge panel. Just citing the regulation isn't good enough. Your Honor... You didn't file a brief on the motion for reconsideration either. Your Honor, the motion is itself... The motion and the brief are combined. No, that's not how it works. You have to explain yourself. You can't just make a motion. Your Honor, the argument section of the motion, I believe, sufficiently explained why this would appropriate. And one particular thing that I think is relevant is that the motion did cite an unpublished board decision regarding sua sponte authority for the board to reopen and whether that would be appropriate. Well, that aspect is unreviewable by us. Well, the reasons why the board declined to do so... We don't have jurisdiction to review the board's refusal to exercise its authority. Yes, Your Honor, but this board... I'm sorry, this court should consider the reason why it can be an abuse of discretion for the board... And why should we do that if we don't have jurisdiction? Your Honor, I... Not only why, how can we do it? Is Your Honor referring to the discretionary review bar or... The sua sponte authority of the board is not subject to judicial review. Your Honor, in this case, I believe that an argument can be made and is made that this court should assert jurisdiction. And I apologize that I don't have the statutory justification. I will gladly submit a 28-J letter with authority for that position. And I see that my time has expired, so the court has no questions. Thank you. Thank you. May it please the court, Victoria Braga appearing on behalf of the Attorney General. Let me just start you out. It appears that the attorney has conceded making a mistake in failing to file the brief in support of the initial appeal to the BIA. Is there no remedy for a petitioner whose attorney fails to file a timely brief before the BIA? What would have been the appropriate path for counsel to take after that error? A potential remedy, which is actually referenced in a footnote in the motion to reconsider, would be filing a motion to reopen with the Board of Immigration Appeals. And Petitioner's Counsel indicates that he did plan to file what he called a matter of lazada motion to reopen. Those are motions to reopen dealing with ineffective assistance of counsel. Can you lift your voice a wee bit? There's various requirements for a matter of lazada motion to reopen. It would require the filing of a bar complaint or an explanation of why a complaint wasn't filed. In our records, and we have contacted the Executive Office for Immigration Review and the Department of Homeland Security, a matter of lazada motion to reopen or any motion to reopen has not been filed to date. That would, however, be the remedy if there were ineffective assistance present. This record, merely by a reference in the motion to reconsider to a potential matter of lazada motion to reopen, is not sufficient to find that there was definitely any sort of ineffective assistance. We would ask the Court to dismiss the portion of Petitioner's Petition for Review challenging the Board's denial of the motion to reconsider using its sua sponte authority. As this Court has said, it lacks jurisdiction over that issue. The Court should deny the remaining part of the Petition for Review. As the Court mentioned during Petitioner's argument, Petitioner appears to have waived his challenge to the Board's summary dismissal for his failure to file a brief. Petitioner does contend today that the Board erred in also summarily denying his petition because he failed to specify the reasons for appeal, but this Court has been clear in the case Cocar v. Gonzalez, the 2007 case, that the Board may summarily dismiss simply because of the failure to file an appeal. There doesn't also—so the Board can summarily dismiss for either reason. Therefore, the Board's summary dismissal order was correct and there is no reason for the Board to reconsider that issue. If the Court were for some reason to reach the issue of whether Petitioner adequately specified his reasons for appealing, the notice of appeal was not sufficient to specify the reasons for the Petitioner's appeal. It contained merely conclusory statements regarding errors made by the IJ. It was similar in that respect to statements made by a Petitioner's counsel on a notice of appeal that this Court discussed in the case Pasha v. Gonzalez, a 2005 case. In that case, the Petitioner's attorney on the notice of appeal said that the immigration judge had erred in evaluating evidence presented in the case, particularly as it related to future persecution. The Court found that statement wholly lacking in specificity and that the Board could have summarily dismissed for failure to specify the reasons for appealing. Petitioner's statements in his notice of appeal are similarly lacking in specificity. They cite no particular facts, they don't cite to the record, and they do not cite any specific legal arguments or any cases of this Court. Moving on to Petitioner's final challenge, which is that referral to a three-member panel of the Board was required in this case. This Court has been very clear in published cases over the past decade, most recently in Yousef v. Sessions, a 2017 case, that the regulations never require the Board to refer a case to a three-member panel. Rather, this is always permissive. Therefore, the Board did not refer a case to a three-member panel, and furthermore, in not referring both Petitioner's appeal or Petitioner's motion to reconsider to a three-member panel, none of the circumstances in which three-member panel review is even contemplated is present. The Board summarily denied Petitioner's appeal because he failed to file a brief and because he failed to specify his reasons for appealing. Those are not reasons that are contemplated by the regulation for referring an appeal to a three-member panel. His motion to reconsider, as we have argued today, did not cite any error of law or fact by the Board, and therefore, the Board was not in error to deny it without referring it to a three-member panel. If there are no other questions, the government respectfully asks that the Court dismiss the petition for review in part and deny the petition for review in part. Thank you. Well, let's add another two minutes. Thank you, Your Honor. One thing to clarify regarding the motions to reopen being the vehicle to remedy something like this, the regulations limit the availability of a motion to reopen to one motion except in very narrow circumstances. Otherwise, one is stuck with the sua sponte authority. This isn't part of the record, but in this case, there are other options being pursued which would require a motion to reopen, and so a decision was made not to pursue Lozada at that time, at least while this was going on. There's a pending visa petition, and if that becomes approved, then there may be another avenue. As far as the remainder of the government's position, I disagree. Again, I understand Your Honor's concern that one is not entitled to review by a three-member panel, but I do think it's important that when the Board makes a decision not to make that referral, is it because, as counsel argued, no section that would allow three-member review was invoked, or is it because they just simply decided they agree that, yes, that does involve one of the qualifying criteria, but they just choose not to do it, which is within their right, of course. Well, that might arguably be true in a fully developed appeal, but this was not a fully developed appeal. Yes, Your Honor, but regarding the motion to reconsider, again, we did cite an unpublished decision. We did cite the provision saying that the decision had not been in conformity with the law, that subsection B6, 3 little i, and that's enough to articulate to the Board why they should be doing this. There is no clear criteria where we are able to persuade them to make this decision, but what's important is to be sure that they're not just flipping a coin. So at least by telling us in their decision that while this is eligible for three-member review, they declined to refer it, that would be a different situation. Instead, they just either ignore the argument or dismiss it with a line that just says we're not persuaded, and I think that's insufficient for review. If there's no further questions, I respectfully ask this Court to grant the petition. Thank you, and thank you to both sides. The case will be taken under advisement, and the